**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
                       (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's name | Peregrine Midstream Partners LLC |
|---|---|---|

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**

2 6 _ 4 0 2 3 3 6 3

**4. Debtor's address**

**Principal place of business**

3       Riverway
Number    Street

Suite 1100

Houston       TX     77056
City             State    ZIP Code

Harris
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City      State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____
City      State    ZIP Code

**5. Debtor's website (URL)**

www.peregrinempllc.com

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

Debtor  __Peregrine Midstream Partners LLC_____     Case number *(if known)*_____
       Name

| | |
|---|---|
| **7.** **Describe debtor's business** | **A.** *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _2_ _1_ _1_ _1_

| | |
|---|---|
| **8.** **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| | |
|---|---|
| **9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☒ No |

If more than 2 cases, attach a separate list.

☐ Yes.   District _____ When _____ Case number _____
                               MM / DD / YYYY

           District _____ When _____ Case number _____
                               MM / DD / YYYY

| | |
|---|---|
| **10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |

List all cases. If more than 1, attach a separate list.

☒ Yes.   Debtor __Please see Schedule 1_____   Relationship __Affiliate_____

        District __Delaware_____   When __Date hereof_____
                                        MM / DD / YYYY

        Case number, if known _____

| Debtor | Peregrine Midstream Partners LLC | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| | |
|---|---|
| Number | Street |

_____

| | | |
|---|---|---|
| City | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☑ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Peregrine Midstream Partners LLC | Case number (*if known*) |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☑ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/02/2016
MM / DD / YYYY

✘ /s/ Robert Foss
Signature of authorized representative of debtor

Robert Foss
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

✘ /s/ Sarah E. Pierce
Signature of attorney for debtor

Date 02/02/2016
MM / DD / YYYY

Sarah E. Pierce
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

One         Rodney Square, P.O. Box 636
Number     Street

Wilmington                    DE          19899
City                          State       ZIP Code

(302) 651-3000               Sarah.Pierce@skadden.com
Contact phone                Email address

4648                          DE
Bar number                    State

## <u>SCHEDULE 1– AFFILIATED DEBTORS</u>

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq.</u>, as amended, substantially contemporaneously with the filing of this petition.

1.      Ryckman Creek Resources, LLC

2.      Ryckman Creek Resources Holding Company LLC

3.      Peregrine Midstream Partners LLC

4.      Peregrine Rocky Mountains LLC

| Fill in this information to identify the case: |
|---|
| Debtor Name: Ryckman Creek Resources, LLC, et al. |
| United States Bankruptcy Court for the:_____ District of Delaware |
| Case Number (if known):_____ |

☐ Check if this is an
amended filing

**Official Form 204**

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **ING Capital LLC**<br><br>Administrative Agent for lenders under Second Amended and Restated Credit Agreement<br>1325 Avenue of the Americas, 11th Floor<br>New York, NY 10019 | Cheryl LaBelle<br>646-424-7207 (P)<br>cheryl.labelle@ing.com<br>646-424-7484 (F) | Secured Bank Loans (Under Secured) | Unliquidated | $332,983,798 | Undetermined | Undetermined |
| 2 | **Troy Construction, LLC**<br><br>8521 McHard Rd, Houston, TX 77053 | Daniel J. O'Hare<br>281-437-8214 (P)<br>dohare@troyconstruction.com<br>281-437-9580 (F) | Litigation | Contingent, Unliquidated, Disputed | $0 | $0 | $19,799,129 |
| 3 | **Matrix Service, Inc.**<br><br>3810 Bakerview Spur, Bellingham, WA 98226 | Rhett Dixion<br>360-685-2000 (P)<br>rdixion@matrixservice.com | Trade | Contingent, Unliquidated | $0 | $0 | $6,480,672 |
| 4 | **William Insulation Company**<br><br>PO Box 2259 Mills, WY 82644 | Ken Milne<br>307-235-1965 (P)<br>milnek@wicwyo.com<br>307-235-0712 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $5,529,123 |
| 5 | **Redi Services, LLC**<br><br>West End Owen St, Lyman, WY 82937 | Sam Morton<br>307-787-6333 (P)<br>smorton@rediservicesllc.com<br>307-787-3124 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $4,842,115 |
| 6 | **Brock Services, LLC**<br><br>6435 Huron Street|Denver, CO 80221 | Darren Franz<br>303-429-1408 (P)<br>darren.franz@brockgroup.com<br>303-427-4331 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $4,171,119 |
| 7 | **International Alliance Group**<br><br>3657 Briarpark Drive, Houston, TX 77042 | Barry Switzer<br>832-615-1456 (P)<br>bswitzer@triten.com<br>713-690-9092 (F) | Trade | Contingent, Unliquidated, Disputed | $0 | $0 | $3,927,765 |

**Debtor Name: Ryckman Creek Resources, LLC, et al.**                    Case Number (if known):_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  **BCCK Engineering, Inc.**<br><br>2500 North Big Spring, Suite 230 Midland TX 79705 | Gary Wheeler<br>432-685-7021 (P)<br><br>432-685-7021 (F) | Trade | Contingent, Unliquidated, Disputed | $0 | $0 | $1,867,232 |
| 9  **Acqyre B.V.**<br><br>PO Box 85571 2508 CG, The Hague, The Netherlands | Victor Mackay<br>+31(0)707200942 (P)<br>victor.mackay@acqyre.com | Trade | Contingent, Unliquidated, Disputed | $0 | $0 | $1,858,564 |
| 10  **GSL- Great Salt Lake Electric Inc.**<br><br>8540 Sandy Pkwy, Sandy, UT 84070 | Billy Johnson<br>801-565-0088 (P)<br>bjohnson@gslelectric.com<br>801-565-0099 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $1,826,202 |
| 11  **CB&I, Inc.**<br><br>205 Louis Hurley Road El Dorado, AR 71730 | David Landers<br>870-862-5167 (P)<br>david.landers@cbi.com<br>870-862-4771 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $1,789,388 |
| 12  **Andrews Kurth LLP**<br><br>600 Travis, Suite 4200, Houston, TX 77002 | Stuart Hollimon<br>713-220-4200 (P)<br>StuartHollimon@andrewskurth.com<br>713-238-7149 (F) | Professional Services | Contingent, Unliquidated | $0 | $0 | $1,444,394 |
| 13  **MMR Constructors, Inc.**<br><br>14250 E. Easter Place Unit B \| Centennial, CO 80112 | Rodi F. Rispone<br>225-756-5090 (P)<br>rrispone@mmrgrp.com<br>225-612-8134 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $1,417,953 |
| 14  **Emerson Process Management**<br><br>1100 W. Louis Henna Bldg 1, Round Rock, Texas 786812 | Legal Department<br>952-828-3700 (P)<br>epm-cfs.ep@emerson.com<br>952-828-3737 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $1,109,033 |
| 15  **Wholesale Electric Supply Co.**<br><br>4040 Gulf Freeway Houston, TX 77004 | Richard Biddy<br>713-749-8443 (P)<br>rbiddy@wholesaleelectric.com<br>713-741-3001 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $944,626 |
| 16  **Intermountain Electric Service, Inc.**<br><br>PO Box 1848, Evenston, WY 82931 | Donald L Larson<br>307-789-0847 (P) | Trade | Contingent, Unliquidated | $0 | $0 | $655,010 |

Debtor Name: Ryckman Creek Resources, LLC, et al.     Case Number (if known):_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claimIf the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **17  Black & Veatch**<br>PO Box 803823 Kansas City MO 64180 | John M. Chevrette<br>646-779-8348 (P)<br>chevrettej@bv.com | Trade | Contingent, Unliquidated | $0 | $0 | $515,369 |
| **18  Veritas Advisory Group**<br>1601 Elm Street Suite 3600, Dallas, TX 75201 | Brad Bright<br>214-720-1995 (P)<br>bbright@veritasag.com<br>214-722-5577 (F) | Professional Services | Contingent, Unliquidated | $0 | $0 | $375,003 |
| **19  Enerflex Ltd.**<br>2289 Renauna Ave, Casper, WY 82605 | Bill Darnofal<br>307-237-7118 (P)<br>bdarnofal@enerflex.com<br>307-234-3803 (F) | Trade | Contingent, Unliquidated, Disputed | $0 | $0 | $316,373 |
| **20  One-Chem, LLC**<br>PO Box 42, Randolph, UT 84064 | Jason Leavitt<br>307-708-0345 (P)<br>haxon6115@outlook.com | Trade | Contingent, Unliquidated | $0 | $0 | $293,744 |
| **21  Cicerone & Associates**<br>1302 Waugh Drive, Suite 248 Houston TX 77019 | Doug Cicerone<br>913-593-1168 (P)<br>doug.cicerone@gmail.com | Trade | Contingent, Unliquidated | $0 | $0 | $235,240 |
| **22  Elkhorn Construction, Inc.**<br>71 Allegiance Circle, Evanston, WY, 82930 | Mitch Midcap<br>307-783-5050 (P) | Trade | Contingent, Unliquidated | $0 | $0 | $189,987 |
| **23  MMI Engineering**<br>11490 Westheimer Suite 150 Houston Texas 77077 | Alastair Painter<br>281-810-5048 (P)<br>APainter@MMIEngineering.com<br>281-920-4602 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $178,048 |
| **24  Precision Systems Engineering**<br>9805 South 500 West, Sandy, UT 84070 | Michael R. McMullin<br>801-943-5555 (P)<br>mmcmullin@pseutah.com<br>801-943-5922 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $147,577 |
| **25  Team Industrial Services, Inc.**<br>64 Imperial Drive, Suite C, Evanston, WY 82930 | Tommy Campbell<br>801-397-2202 (P)<br>Tommy.Campbell@TeamInc.com<br>801-397-5355 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $125,200 |

**Debtor Name: Ryckman Creek Resources, LLC, et al.**

Case Number (if known):_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claimIf the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26  **VirtueCom LLC**<br><br>777 S Wadsworth Blvd, Ste 1-103, Lakewood, CO 80226 | Onami Bernheim<br>303-997-6659 (P)<br>onamib@virtuecom.com<br>866-677-0885 (F) | Utilities | Contingent, Unliquidated | $0 | $0 | $107,476 |
| 27  **Flare Construction Inc.**<br><br>PO Box 130, Coalville, UT 84017 | Wade Simister<br>435-336-2888 (P)<br>wade@flareconstruction<br>435-336-2513 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $100,323 |
| 28  **Dew Point Control, LLC**<br><br>P.O. Box 18887 Sugar Land, Texas 77496 | Myron Goforth<br>281-265-0101 (P)<br>mgoforth@dpc.com<br>281-265-0107 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $99,225 |
| 29  **Strategic Contract Resources, LLC**<br><br>5655 Lake Acworth Drive, Suite 350, Acworth GA 30101 | Donald W. Bengtson<br>678-784-6112 (P)<br><br>678-784-6119 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $87,360 |
| 30  **Glenntech, Inc.**<br><br>12614 Misty Valley Dr Houston, TX 77066 | Randy Glen<br>281-844-8916 (P)<br>rglenn@glentech.com<br>281-444-4930 (F) | Trade | Contingent, Unliquidated | $0 | $0 | $61,640 |

<div style="border:1px solid">

**Fill in this information to identify the case and this filing:**

Debtor Name __Ryckman Creek Resources, LLC, et al.__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                         (State)

Case number *(if known)*: _____

</div>

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### ▮   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/02/2016__      ✗ _(signature)_____
       MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                   Robert Foss
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  :    Chapter 11
                                        :
PEREGRINE MIDSTREAM PARTNERS            :    Case No. 16-_____ (___)
LLC,                                    :
                                        :    (Joint Administration Pending)
                        Debtor.[1]      :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT OF
## PEREGRINE MIDSTREAM PARTNERS LLC

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the organizational chart attached hereto as <u>Exhibit 1</u> identifies all entities having a direct or indirect ownership interest in Peregrine Midstream Partners LLC, the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), and any entity in which the Debtor owns an interest.

## LIST OF EQUITY SECURITY HOLDERS

      The list attached hereto as <u>Exhibit 2</u> sets forth each of the equity security holders of the Debtor, and has been prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

---

[1]    The last four digits of the Debtor's taxpayer identification number is 3363 and the address of its corporate headquarters is 3 Riverway, Suite 1100, Houston, TX 77056.



<u>Exhibit 2</u>
List of Equity Security Holders

**Peregrine Midstream Partners LLC**
**List of Equity Security Holders**

| Equity Holder | Contact | Address | City | State | Convertible Preferred Units | Existing Class A Units | Existing Class B Units | Existing Class C Units | Class D Units | Class E Units |
|---|---|---|---|---|---|---|---|---|---|---|
| John Hooper | Redacted | | | | | 25000 | 800000 | | 18433 | 6025 |
| Jeff Fouch | Redacted | | | | | 33462 | 800000 | | 8867 | 4986 |
| Allison Fouch | Redacted | | | | | 2884.5 | | | | 281 |
| Hayden Fouch | Redacted | | | | | 2884.5 | | | | 281 |
| John Avery Fouch | Redacted | | | | | 2884.5 | | | | 281 |
| Alexandria Fouch | Redacted | | | | | 2884.5 | | | | 281 |
| Keith Chandler | Redacted | | | | | 11250 | - | | | 2311 |
| Tom Wynne | Redacted | | | | | 11250 | | | 6240 | 1096 |
| Lake Saban | Redacted | | | | | 22500 | 650000 | | 17733 | 5645 |
| Mike Seward | Redacted | | | | | 15000 | 500000 | | 11667 | 933 |
| Chuck Sawyer | Redacted | | | | | 11250 | 500000 | 7500 | 8060 | 3396 |
| Yunn Management Company | Stuart Stedman | P.O. Box 7 | Houston | TX | | 50000 | | | | 4869 |
| Stedman West Family Partnership, Ltd. | Stuart Stedman | P.O. Box 7 | Houston | TX | | 75000 | | | | 7304 |
| Arrow Realty,LLC | Reed Morian | 300 Jackson Hill St. | Houston | TX | | 100000 | | | | 9739 |
| C Neal Carson Revocable Trust | Neal Carson | 5090 Richmond Ave., #300 | Houston | TX | | 50000 | | | | |
| Walter Oil and Gas Corporation | Rusty Walter | 1100 Louisiana, Ste. 200 | Houston | TX | | 100000 | | | | |
| Superior Natural Gas Corp. | John Croft | 1100 Louisiana, Ste. 350 | Houston | TX | | 100000 | | | | |
| Blake Liedtke | Redacted | | | | | 150000 | | | | 8500 |
| Harold Charles Price | Redacted | | | | | 150000 | | 24000 | | 14608 |
| Evergreen Partners, Ltd | Bruce Crawford | 5847 San Felipe, Ste. 1400 | Houston | TX | | 45000 | | | | 4382 |
| Steve Jenkins | Redacted | | | | | 10000 | | | | 974 |
| Thurman Andress | Redacted | | | | | 20000 | | | | 1948 |
| Pete Jameson | Redacted | | | | | 15000 | | | | |
| Fielding Cocke | Redacted | | | | | 18750 | | | | 1826 |
| Alexander L. Cocke 1989 Trust | Fielding Cocke | 919 Milam, Ste. 1910 | Houston | TX | | 7500 | | | | 730 |
| Roger Plank | Redacted | | | | | 25000 | | | | 2435 |
| Wolfcreek Development Company | Greg Curran | 950 Echo Lane, Suite 100 | Houston | TX | | 175000 | | | | |
| John Gaylord | Redacted | | | | | 25000 | | | | 2435 |
| Trillium Partners Venture L.P. | John Gaylord | 823 Briar Ridge | Houston | TX | | 25000 | | | | 2435 |
| Geoff Griffith | Redacted | | | | | 12500 | | | | 13717 |
| Stan Ragan | Redacted | | | | | 10000 | 150000 | | | 313 |
| William West Lloyd | Redacted | | | | | 25000 | | | | 8167 |
| LAMB Interests, LLC | William W. Lloyd | P.O. Box 491 | Houston | TX | | 15000 | | | | |
| Margene West Lloyd | Redacted | | | | | 50000 | | | | 4869 |
| Riomax, Ltd | W.R. Lloyd, Jr. | P.O. Box 491 | Houston | TX | | 65000 | | | | 6330 |
| Alice Lloyd McBee | Redacted | | | | | 20000 | | | | |
| James Ruth | Redacted | | | | | 10000 | 100000 | | | 974 |
| Mark Fullerton | Redacted | | | | | 10000 | 500000 | | 7500 | 975 |
| Darrell Poteet | Redacted | | | | | 10000 | 500000 | | 7583 | 1000 |
| Don Weston | Redacted | | | | | 2500 | 250000 | | 5750 | 5255 |
| Page Leonard | Redacted | | | | | 2000 | 50000 | | | 195 |
| Eliza Cody Hopper 2011 Gift Trust | John Hopper | 5773 Woodway, #840 | Houston | TX | | 10000 | | | | |
| Virginia Pollard Hopper 2011 Gift Trust | John Hopper | 5773 Woodway, #840 | Houston | TX | | 10000 | | | | |
| Bear River Acquisition Co., Ltd. | Max Burke | 1114 Ave of the Americas, 38th Floor | New York | NY | 5128043.75 | | | | | |
| Barry Pearl | Redacted | | | | 10000 | | | | | |
| RRRR Camden Energy LLC (Geoff Roberts) | Geoff Roberts | 16 Dunnam Lane | Houston | TX | 5000 | | | | | 974 |
| Dream Enterprises of Kentucky LLC (Dean Jones) | Dean Jones | 4812 Ridget Creek Rd | Owensboro | KY | 7500 | | | | | 975 |
| Alan Englehart | Redacted | | | | 5000 | | | | | |
| William Dale | Redacted | | | | | | 100000 | | | 4000 |
| Kim Olinger | Redacted | | | | | | | | | 500 |
| Heather Davis | Redacted | | | | | | | | | 100 |
| Philip Williams | Redacted | | | | | | | | | 260 |
| Caroline Davidson | Redacted | | | | | | | | | 500 |
| | | | | | 5155543.75 | 1537000 | 4900000 | 31500 | 100000 | 121959 |

**Fill in this information to identify the case and this filing:**

Debtor Name  Peregrine Midstream Partners LLC

United States Bankruptcy Court for the: _____  District of  Delaware
                                                                (State)

Case number (if known): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration   Corporate Ownership Statement, List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/02/2016          **x** _____
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                   Robert Foss
                                   Printed name

                                   Chief Executive Officer
                                   Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

## OFFICER'S CERTIFICATE

The undersigned, Robert Foss, Chief Executive Officer of Peregrine Midstream Partners LLC (the "Company"), a Delaware corporation, hereby certifies on behalf of the Company, as the Chief Executive Officer of the Company, and not in any individual capacity, as follows:

1.  I am the duly qualified and appointed Chief Executive Officer of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.  Each of the following person is a duly elected, qualified and acting Manager of the Company:
    Manager ........................................................................Alex Darden
    Manager ........................................................................Andy Lang
    Manager ........................................................................Geoff Roberts
    Manager ........................................................................Jeffrey H. Foutch
    Manager ........................................................................John Ragan
    Manager ........................................................................Roger Kelley

3.  Attached hereto is a true and complete copy of the resolutions of the Board of Managers of the Company.

4.  Such resolutions have not been amended, altered, annulled, rescinded, or revoked in any manner and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 1st day of February, 2016.

Robert Foss

**ANNEX A**

**UNANIMOUS CONSENT
OF
THE BOARD OF MANAGERS
OF
PEREGRINE MIDSTREAM PARTNERS LLC**

**February 1, 2016**

The board of managers (the "<u>Board of Managers</u>") of Peregrine Midstream

Partners LLC, a Texas limited liability company (the "<u>Company</u>"), acting pursuant to the Texas

Business Organizations Code and pursuant to the Second Amended and Restated Limited

Liability Company Agreement of the Company (the "<u>LLC Agreement</u>"), at a duly convened

meeting, does hereby consent to the adoption of, and hereby adopts, the following resolutions:

<u>Chapter 11 Filing</u>

**WHEREAS**, the Board of Managers has been presented with a proposed petition to
be filed by the Company in the United States Bankruptcy Court for the District of
Delaware (the "<u>Bankruptcy Court</u>") seeking relief under the provisions of chapter 11
of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), in which the authority
to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board of Managers has determined that it is in the best interests of
the Company and its stakeholders that the Company file a petition seeking relief
under the provisions of chapter 11 of the Bankruptcy Code.

**NOW THEREFORE, BE IT RESOLVED**, that the Company file a petition seeking
relief under the provisions of chapter 11 of the Bankruptcy Code, in which the
authority to operate as a debtor-in-possession will be sought, and the filing of such
petition is authorized hereby;

**FURTHER RESOLVED**, that each of the officers of the Company, including,
without limitation, the Chief Executive Officer, General Counsel, Chief Restructuring
Officer, and Vice President of Restructuring (each, an "<u>Authorized Officer</u>," and,
collectively, the "<u>Authorized Officers</u>"), is hereby authorized, empowered, and
directed in the name and on behalf of the Company to take all actions in connection
with the chapter 11 case authorized herein;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with
full authority to act without the others, hereby is, authorized, empowered, and
directed, in the name and on behalf of the Company, to execute and verify a petition
in the name of the Company under chapter 11 of the Bankruptcy Code and to cause

the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer executing said petition on behalf of the Company shall determine;

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed in the name and on behalf of the Company, to execute and file or cause to be executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all other action which they or any one of them deem necessary or appropriate in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

DIP Financing

**FURTHER RESOLVED**, that the Authorized Officers of the Company be, and each of them individually hereby is, authorized, empowered, and directed to (a) enter into one or more new debtor-in-possession financing facilities, or amend, restate, amend and restate, supplement, or otherwise modify any existing financing facility to provide a debtor-in-possession financing facility, and enter into any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company as approved by any one or more of the Authorized Officers; and (b) pay related fees and grant security interests in and liens upon some, all, or substantially all of the Company's assets, in such case as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with the Financing Transactions;

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under general retainer as attorneys for the Company in the chapter 11 case;

**FURTHER RESOLVED**, that AP Services, LLC (or its affiliates) be, and hereby is, employed to provide related managerial services to the Company;

**FURTHER RESOLVED**, that Evercore Group LLC (or its affiliates) be, and hereby are, employed as investment banker for the Company in the chapter 11 case;

**FURTHER RESOLVED**, that Kurtzman Carson Consultants LLC (or its affiliates) be, and hereby are, employed as claims and noticing agents for the Company in the chapter 11 case;

Appointment of Officers

**FURTHER RESOLVED**, that Thomas B. Osmun be, and he hereby is, appointed as Chief Restructuring Officer of the Company, to hold such office and to serve in accordance with the LLC Agreement of the Company, and at the discretion of the Board of Managers, and shall report to the Chief Executive Officer, General Counsel, and Board of Managers;

**FURTHER RESOLVED**, that Robert Albergotti be, and he hereby is, appointed as Vice President of Restructuring of the Company, to hold such office and to serve in accordance with the LLC Agreement of the Company, and at the discretion of the Board of Managers, and shall report to the Chief Executive Officer, General Counsel, and Board of Managers;

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board of Managers;

General

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, such agreements, certificates, undertakings, instruments, and any and all other documents and amendments necessary or appropriate to facilitate the transactions contemplated by the foregoing resolutions, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate in connection with the chapter 11 case, the DIP Financing, or any matter related thereto, including, without limitation, authorizing and effectuating the filing of a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code by Peregrine Rocky Mountains LLC, the taking of any such action or the execution and delivery of such agreements, certificates, undertakings, instruments, documents, or amendments conclusively to evidence the due authorization and approval thereof by the Board of Managers; and

3

**FURTHER RESOLVED**, that all actions heretofore taken by any director, officer or employee of the Company, on or prior to the date hereof, in the name and on behalf of the Company in connection with any of the matters contemplated by the foregoing resolutions are in all respects authorized, ratified, approved, confirmed, and adopted as the acts and deeds by and on behalf of the Company as fully as if such actions had been presented to the Board of Managers for its prior approval.

942571.04-CHISR01A - MSW